UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN A. PORTER, III,

                              Plaintiff,                    5:25-cv-881
                                                                           (ECC/TWD)

v.

ONONDAGA COUNTY FAMILY
COURT, *et al.*,

                              Defendants.

---

John A. Porter, III, *Plaintiff, pro se*
Timothy P. Mulvey, Asst. Att'y General, *for State Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## DECISION AND ORDER

      Plaintiff John Porter, III, appearing pro se, commenced this action on July 8, 2025 against various "officials in Onondaga County Family Court and affiliated agencies." Complaint (Compl.) at 2, Dkt. No. 1. Plaintiff asserts that his is a "civil rights and racketeering" action brought against the 21 named Defendants pursuant to 48 U.S.C. §§ 1983 and 1985; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.; and 28 U.S.C. §§ 1331, 1343(a)(3), and 2201-2202. *Id.* The claims in the Complaint appear to arise out of child custody proceedings pending in Onondaga County Family Court (Family Court).

      On the same day he commenced this action, Plaintiff filed a motion for preliminary injunction seeking to enjoin the Defendants from "continuing wage garnishment or enforcement activities under the void child support orders" issued in the underlying Family Court proceedings.

Dkt. No. 5. On July 10, 2025, U.S. District Judge Glenn T. Suddaby[1] denied Plaintiff's motion for a preliminary injunction without prejudice, due to Plaintiff's failure to show either a likelihood of success on the merits or irreparable harm. Dkt. No. 7. Presently before the Court is Plaintiff's second motion for a preliminary injunction, filed on July 15, 2025. Dkt. No. 8. Plaintiff once again seeks to enjoin the "ongoing enforcement of void ab initio child support orders" issued in Family Court, as well as "retaliatory judicial and clerical misconduct" and "continuous violations of [his] First, Fifth, and Fourteenth Amendment rights by state and county actors under color of law." Dkt. No. 8.

## I.        Preliminary Injunction

A preliminary injunction "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks omitted). A party seeking a preliminary injunction must demonstrate "(1) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the movant's favor, and (2) irreparable harm in the absence of the injunction." *Faiveley Transport Mahno AB v. Wabtec Corp.*, 559 F.3d 110, 116 (2d Cir. 2009) (citation and internal quotation marks omitted).

Here, Plaintiff's motion for a temporary restraining order is denied because Plaintiff has failed to show a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. At the outset, the Court has serious questions regarding whether it has subject matter jurisdiction over this action. Plaintiff's claims against the Defendant state-court judges,

---

[1] This case has since been reassigned to the undersigned.

magistrates, and court clerks appear to relate solely to actions that were taken in their judicial or quasi-judicial capacities, and are likely subject to dismissal based on the doctrine of absolute immunity. *See Brady v. Ostrager*, 834 F. App'x 616, 618 (2d Cir. 2020); *McCluskey v. N.Y.S. Unified Court Sys.*, 442 Fed. App'x 586, 588 (2d Cir. 2011). Many of the named Defendants also appear to be entitled to Eleventh Amendment sovereign immunity. *See Dickson v. Schenectady Fam. Ct.*, No. 1:22-cv-499 (DNH/CFH), 2022 WL 16966549, at *3 (N.D.N.Y. Oct. 27, 2022), *report and recommendation adopted*, 2022 WL 16961389 (N.D.N.Y. Nov. 16, 2022) (". . . [t]he Schenectady County Family Court is a part of the New York State Unified Court System and is entitled to sovereign immunity."); *Corrado v. New York Off. of Temp.*, No. 15-cv-7316, 2016 WL 3181128, at *4 (E.D.N.Y. June 2, 2016) (dismissing Complaint against Office of Temporary and Disability Assistance, New York State Family Court System, and individuals acting in their official capacities including Governor Cuomo, Attorney General Schneiderman, and the judicial defendants, based on Eleventh Amendment sovereign immunity grounds).

Furthermore, the relief Plaintiff seeks would require this Court to intervene in his Family Court proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court of the United States held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 404 U.S. 37). Application of the *Younger* abstention doctrine has been extended to state civil enforcement proceedings that are "akin to criminal prosecutions," and state civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (citations omitted). The doctrine applies to federal court claims for injunctive relief and declaratory relief that would cause the federal court to intervene in any of

those types of state court proceedings. *See Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000). State court child custody and child support proceedings involve at least one of the circumstances mentioned in *Sprint* in which the *Younger* abstention doctrine should be applied. *See Falco v. Justices of the Matrimonial Parts of the Supreme Court of Suffolk Cnty.*, 805 F.3d 425, 417 (2d Cir. 2015) ("[Plaintiff's] federal lawsuit implicates the way that New York courts manage their own divorce and custody proceedings – a subject in which 'the states have an especially strong interest.'"); *Gravagna v. Eisenpress*, No. 19-cv-0700, 2019 WL 1469289, at *2 (S.D.N.Y. Apr. 2, 2019).

This Court is also precluded from intervening in Plaintiff's Family Court custody proceedings by the domestic relations abstention doctrine. In *American Airlines, Inc. v. Block*, the United States Court of Appeals for the Second Circuit instructed federal district courts to abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims could be fully and fairly determined in the state courts. 905 F.2d 12, 14 (2d Cir. 1990). Specifically, where a federal district court is "asked to grant a divorce or annulment, determine support payments, or award custody of a child," the court should abstain from exercising its jurisdiction of such claims if "there is no obstacle to their full and fair determination in [the] state courts." *Id.* (internal quotation marks ad citation omitted); *see also Deem v. Dimella-Deem,* 941 F.3d 618, 621 (2d Cir. 2019) (explaining that "*American Airlines* continues to be the law of this Circuit" after relevant intervening Supreme Court precedent).

In sum, the Court has carefully considered Plaintiff's submission, and finds that Plaintiff has not demonstrated a likelihood of success on the merits, or sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardships tipping decidedly

in his favor. Accordingly, Plaintiff's request for preliminary injunctive relief is denied in its entirety.

## II.  Referral to Magistrate Judge for Review

Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case sua sponte if it determines that the action is frivolous or that the court lacks jurisdiction over the matter. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000); see also Fed. R. Civ. P. 12(h)(3). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte.  If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000).  An action is frivolous as a matter of law when it is "based on an indisputably meritless legal theory"—that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998).

As previously discussed, this Court has serious concerns regarding whether subject matter exists over Plaintiff's claims.  The Court has similar concerns that some, if not many, of Plaintiff's claims lack an arguable basis in law or fact.  Plaintiff appears to have previously filed a lawsuit against one of the state-judge Defendants named in this matter, seeking the same relief relative to Family Court proceedings and custody disputes.  *See Porter v. Nasci*, No. 5:24-cv-33 (GTS/TWD) (N.D.N.Y.), Dkt. No. 1.  Plaintiff's prior action was dismissed due to some of the same jurisdictional defects as suspected to exist here.  *Id.* Dkt. Nos. 4, 6.

In light of the foregoing concerns, the Complaint is referred to the Magistrate Judge for review as to subject matter jurisdiction and whether any or all of Plaintiff's claims are frivolous as a matter of law.  *See ACCD Global Argic., Inc. v. Perry*, 12-cv-6286, 2013 WL 840706, at *1

(S.D.N.Y. Mar. 1, 2013) (federal courts are mandated to sua sponte examine their own jurisdiction at every stage in the litigation). To the extent that service has been properly effected on any of the named Defendants, the deadlines to answer or otherwise respond to the Complaint are stayed pending further order from this Court.

### III.   Conclusion

For these reasons, it is

    **ORDERED** that Plaintiff's motion for a preliminary injunction, Dkt. No. 8, is **DENIED**, and it is further

    **ORDERED** that the Clerk of the Court is respectfully requested to refer the Complaint to the Magistrate Judge for review as to subject matter jurisdiction and whether any or all of Plaintiff's claims are frivolous as a matter of law, and it is further

    **ORDERED** that any pending deadlines to answer or otherwise respond to the Complaint are stayed until further order from this Court; and it is further

    **ORDERED** that the State Defendant's request for an extension of time to respond to the Complaint, Dkt. No. 29, is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: August 21, 2025

_____
Elizabeth C. Coombe
U.S. District Judge