UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOHN A. PORTER III,

                              Plaintiff,                     5:25-cv-881
                                                                                 (ECC/MJK)

v.

ONONDAGA COUNTY FAMILY
COURT, et al.,

                              Defendants.

**Appearances:**

JOHN A. PORTER III, *Plaintiff, pro se*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff John Porter, III, appearing pro se, commenced this action on July 8, 2025 against 21 named Defendants pursuant to 48 U.S.C. §§ 1983 and 1985; the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.; and 28 U.S.C. §§ 1331, 1343(a)(3), and 2201-2202. Dkt. No. 1 at 2. The claims in the Complaint appear to arise out of custody proceedings in Onondaga County Family Court (Family Court).

On July 15, 2025, Plaintiff filed a motion for a preliminary injunction seeking, among other things, an order enjoining the enforcement of child support orders issued in Family Court. Dkt. No. 8. The Court denied Plaintiff's motion in an August 21, 2025 Decision and Order, and referred Plaintiff's Complaint to the Magistrate Judge for review as to subject matter jurisdiction and whether any or all of Plaintiff's claims are frivolous as a matter of law. Dkt No. 32. On September 2, 2025, Magistrate Judge Katz issued an Order and Report-Recommendation (Report-

Recommendation), recommending that the Complaint be dismissed in its entirety for lack of subject matter jurisdiction, or alternatively dismissed based on absolute immunity, lack of personal involvement, and failure to comply with Fed. R. Civ. P. 8.[1]  Plaintiff subsequently filed objections to the Report-Recommendation, attached to which he included an Amended Complaint.  Dkt. No. 42.  For the following reasons, the Amended Complaint is accepted for filing, Magistrate Judge Katz's report-recommendation is terminated as moot, and the Amended Complaint may proceed to the extent it asserts First Amendment claims pursuant to 28 U.S.C. § 1983 against Defendants Primo, O'Connor, Dixon and Eckstein in their individual capacities.

## II.  STANDARD OF REVIEW

"District courts have the inherent authority to dismiss a complaint sua sponte as frivolous even where, as here, the plaintiff has paid the required filing fee, if the claims 'lack[ ] an arguable basis either in law or in fact.'" *Tewari v. Sattler*, No. 23-36-cv, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (quoting *Pillay v. INS*, 45 F.3d 14, 16 (2d Cir. 1995)).  Although the Second Circuit has "repeatedly warned against dismissing a complaint sua sponte without providing notice and an opportunity to be heard," it has "nevertheless articulated several exceptions where sua sponte dismissal of a fee-paid complaint may be appropriate."  *Id*. (citations omitted).  "Most significantly, dismissal without notice is permissible when it is 'unmistakably clear' that the underlying case is frivolous or the court lacks jurisdiction."  *Id*. (citations omitted).  Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and

---

[1] Before Magistrate Judge Katz had the opportunity to issue his Report-Recommendation, Plaintiff filed a motion on August 21, 2025, seeking an "order denying dismissal for lack of subject matter jurisdiction, finding that the claims are not frivolous, and granting leave to amend the Complaint."  Dkt. No. 34.  Then, on August 27, 2025, pro se Defendant Shaiquida Hayes simultaneously filed a motion to dismiss and an Answer to the Complaint.  Dkt. No. 40.

2

interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (cleaned up).

### III.   AMENDED COMPLAINT

Plaintiff filed his proposed Amended Complaint within 21 days after service of what the Court construes to be pro se Defendant Hayes's motion to dismiss. Dkt. Nos. 40, 42. Accordingly, Plaintiff's amendment is permitted as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B), and the Amended Complaint is deemed the operative pleading. Plaintiff's Amended Complaint identifies the following Defendants: Onondaga County; Onondaga County Family Court Chief Clerk David Primo in his individual capacity; and Onondaga County Family Court Clerks Carol O'Connor, Adonis D. Dixon, and Adolph W. Eckstein in their individual capacities. Dkt. No. 42-1 at 3.[2]

The allegations raised in Plaintiff's Amended Complaint are as follows. Onondaga County "participates in federal Title IV-D child support programs. Public records show the County received $594,791 in federal performance incentive payments in 2022." Dkt. No. 42-1 at 3. "While Title IV-D funds do not dictate individual clerk decisions, they create institutional incentives to prioritize child support collection over due process, fostering a culture of obstruction against litigants who file jurisdictional challenges." *Id.* This "financial structure provides context for . . . systematic obstruction[.]" *Id.*

On January 21, 2025, Plaintiff "attempted to submit filings [to Family Court] . . . . [however] Chief Clerk Primo personally obstructed the submission, dismissing the papers and refusing to provide assistance." *Id.* On January 23, 2025, and again on January 30, 2025, Clerk

---

[2] Citations to the Amended Complaint will refer to the pagination generated by CM/ECF, the Court's electronic filing system. Excerpts from the Amended Complaint are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected, unless otherwise noted.

Dixon refused to accept Plaintiff's filings "and forced Plaintiff to spend $29.99 on express mail to submit the same documents." *Id.*

On February 26, 2025, Clerk O'Connor "time-stamped Plaintiff's motion . . . provided receipts, and later the filing disappeared from the record." Dkt. No. 42-1 at 4. "When Plaintiff confronted [Clerk O'Connor] with proof, O'Connor summoned Defendant [Clerk] Eckstein, who cleared the clerk area, summoned bailiffs, and had Plaintiff physically removed[.]" *Id.* In March 2025, Plaintiff requested to meet with Chief Clerk Primo "regarding missing filings," however Clerk Eckstein "intervened, stating Primo would 'only take written questions,' unlike how other litigants were treated." *Id.*

On June 4, 2025, Family Court "directed Plaintiff to serve papers 'on or before June 16' for a June 18 hearing." Dkt. No. 42-1 at 4. "Plaintiff complied, serving on June 11, 2025." *Id.* "On June 18, 2025, the same court dismissed the motion as 'untimely' under [New York Civil Practice Law and Rule] 2214(b), which requires 8 days." *Id.* "The Court's own directive made statutory compliance impossible[.]" *Id.*

Plaintiff alleges that, as a result of the aforementioned events, he has suffered ongoing harm including the suspension of his driver's license and continued wage garnishments. Dkt. No. 42-1 at 5. The Amended Complaint asserts (1) a First Amendment claim for denial of access to courts under 42 U.S.C. § 1983 against Defendants Primo, O'Connor, Dixon, and Eckstein in their individual capacities, and (2) a *Monell* claim under 42 U.S.C. § 1983 against Onondaga County. *Id.* Plaintiff seeks compensatory, punitive, declaratory, and injunctive relief, along with costs and fees under 42 U.S.C. § 1988. *Id.* at 5-6.

## IV.   DISCUSSION

Plaintiff's Amended Complaint remedies a significant number the of deficiencies identified by Magistrate Judge Katz as bases for sua sponte dismissal.  With respect to the First Amendment access to court claims against Defendants Primo, O'Connor, Dixon, and Eckstein asserted in the Amended Complaint, the Court finds that Plaintiff's allegations do not, on their face, establish a lack of subject matter jurisdiction, nor are they frivolous as a matter of law.  Accordingly, sua sponte dismissal is not appropriate at this juncture, and these claims may proceed in the normal course of litigation.  In making this decision, the Court expresses no opinion as to whether Plaintiff's First Amendment claims can withstand a properly filed dispositive motion.

Plaintiff's *Monell* claims against Onondaga County, however, fail to satisfy the same standard.  Section 1983 claims against a municipality proceed according to the rule set forth in *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978).  To demonstrate *Monell* liability, "a plaintiff must allege a violation of constitutional rights by *employees of the municipality* and '(1) the existence of a municipal policy or custom . . . that caused his injuries beyond merely employing the misbehaving officer[s]; and (2) a causal connection - an affirmative link - between the policy and the deprivation of his constitutional rights.'" *Werkheiser v. Cnty. of Broome*, 655 F. Supp. 3d 88, 109 (N.D.N.Y. 2023) (quoting *Harper v. City of N.Y.*, 424 F. App'x 36, 38 (2d Cir. 2011)) (internal quotations and citations omitted) (emphasis added).  Here, Plaintiff cannot assert a *Monell* claim against Onondaga County stemming from the alleged violation of his constitutional rights by the individual Defendant Family Court clerks.  Although the Amended Complaint asserts that Onondaga County is responsible for the Defendant clerks' constitutional violations due to a "policy/custom of clerk obstruction" and "deliberate indifference to training," these Defendants are not employees of Onondaga County and their actions cannot create a basis for municipal

liability. *See Arce v. Turnbull*, No. 17-cv-696, 2019 WL 4451477, at *5 (W.D.N.Y. Sept. 17, 2019) ("The [Chautauqua County Family Court and Chautauqua County] have no relationship other than occupying the same jurisdictional territory. Yet [plaintiff's *Monell*] claim against Chautauqua County is premised on the county's non-existent control over the court. . . . Again, [plaintiff's] issue is with the court, not the county. [Plaintiff] therefore fails to state a plausible claim that Chautauqua County is responsible for any of his claims, and his claim against the county is dismissed."); *Ceparano v. Southampton Justice Court*, No. 09-cv-0423, 2010 WL 11527157, at *12 (E.D.N.Y. Mar. 22, 2010), *report and recommendation adopted*, 2010 WL 11527158 (E.D.N.Y. May 12, 2010), *aff'd*, 404 Fed. App'x 537 (2d Cir. 2011) ("Because the Southampton Village Justice Court is part of the New York State Unified Court System, the failure of the Southampton Court, or of an official acting on behalf of the Court, to recall the warrant cannot result in the imposition of liability on the Village of Southampton.") (citations omitted). Because Plaintiff's *Monell* claim against Onondaga County lacks a basis in law or fact, it dismissed.

V.   **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Plaintiff's Amended Complaint be accepted for filing as the operative pleading. Plaintiff is directed to file a copy of his proposed pleading as the Amended Complaint within ten (10) days of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that the Report-Recommendation, Dkt. No. 41 is **TERMINATED AS MOOT**; and it is further

**ORDERED** that Plaintiff's *Monell* claim pursuant to 28 U.S.C. § 1983 against Defendant Onondaga County be sua sponte **DISMISSED,** and it is further

**ORDERED** that to the extent that the Amended Complaint asserts First Amendment claims pursuant to 28 U.S.C. § 1983 against Defendants Primo, O'Connor, Dixon, and Eckstein, Plaintiff is responsible for satisfying the service requirements for the Amended Complaint in accordance with the Federal Rules of Civil Procedure and the Northern District of New York Local Rules,[3] and it is further

**ORDERED** that the Clerk of the Court is respectfully directed to **AMEND the docket to add Defendants O'Connor and Eckstein's full names**, and otherwise **TERMINATE all Defendants from the docket with the exception of Primo, Dixon, O'Connor and Eckstein, who remain active**, and it is further

**ORDERED** that Plaintiff's motion seeking an order denying dismissal for lack of subject matter jurisdiction and other relief, Dkt. No. 34, be **DENIED AS MOOT,** and it is further

**ORDERED** that pro se Defendant Shaiquida Hayes's motion to dismiss, Dkt. No. 40, be **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Dated: October 16, 2025

_____
Elizabeth C. Coombe
U.S. District Judge

---

[3] Plaintiff paid the filing fee in this matter.